**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **SOUTHSIDE BANK,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Case No. 08-4125** |
| | § | |
| **FEDERAL DEPOSIT INSURANCE** | § | |
| **CORPORATION, as Receiver for** | § | |
| **ANB Financial, NA,** | § | |
| **Defendant** | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15, Plaintiff, Southside Bank ("Southside"), files its First Amended Complaint against Defendant, Federal Deposit Insurance Corporation, as receiver for ANB Financial, NA ("FDIC" or "Defendant") and respectfully shows the Court as follows:

### I.   INTRODUCTION AND PARTIES

1.      Southside is a bank organized under the laws of Texas and headquartered in Tyler, Texas.

2.      ANB Financial, NA ("ANB") is a national banking association for which the FDIC has been appointed receiver.  ANB previously operated as a national banking association in Bentonville, Arkansas.

3.      The FDIC is named herein in its capacity as receiver for ANB.

### II.   JURISDICTION AND VENUE

4.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the laws of the United States, and under 12 U.S.C. §1821(d)(6)(A).

**PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 1**

5.      Venue is proper pursuant to 28 U.S.C. §1391(b), in that 12 U.S.C. §1821(d)(6)(A) permits Southside to file suit on its claim in the "district or territorial court of the United States for the district within which the depository institution's principal place of business is located."

6.      ANB's principal place of business was located in the Western District of Arkansas.

### III. CONDITIONS PRECEDENT

7.      All conditions precedent, including the exhaustion of all administrative remedies, have been performed or have occurred.

### IV.  FACTUAL BACKGROUND

8.      On February 27, 2007, Southside purchased a 100% participation in a loan from ANB to CEI Engineering, Inc. ("CEI") in the original principal amount of $3,500,000 (the "Loan").

9.      Southside and ANB memorialized their participation agreement in a written contract, a copy of which is attached as Exhibit A (the "Participation Agreement").

10.     As consideration for its 100% participation, Southside paid ANB the sum of $3,251,475.61.

11.     Further, the Participation Agreement provides:

> Upon receipt by Lender of any payment of principle with respect to the Loan, Lender shall immediately remit to Participant by wire transfer its share of such principle payment, as of the date of such payment; it being agreed that the Participant shall be entitled only to its pro rata share, as of the date of such payment, of any principle payment.

**PLAINTIFF'S FIRST AMENDED COMPLAINT** – Page 2

Participation Agreement ¶ 4(a). The Participation Agreement includes a similar provision with respect to interest payments received by the Lender. *Id*. at 4(b).

12.      Under the express terms of the Participation Agreement, ANB held no economic interest in the Loan and retained only the obligation to service the Loan.

13.      On May 9, 2008, ANB was declared insolvent, and the FDIC was appointed receiver.

14.      As receiver, the FDIC was obligated to administer the affairs of ANB in accordance with the powers and authorities granted by the Federal Deposit Insurance Act, as implemented by the regulations of the FDIC.

15.      Prior to May 9, 2008, CEI maintained a deposit with ANB in excess of $348,005.61.

16.      Pursuant to the Participation Agreement, the "Lender" is obliged to remit to Southside its share of "interest, principle and other sums received by the Lender on account of or with respect to the Loan …" (Participation Agreement, ¶7).

17.      Contrary to the terms of the Participation Agreement, the FDIC applied CEI's uninsured deposits against the outstanding balance of the Loan.

18.      Southside, which owned the entire economic interest in the Loan, received no benefit from the $348,005.61 deposit.

19.      Under the Participation Agreement, neither the FDIC nor ANB had a legal right to offset the CEI deposit or to retain the proceeds of that deposit for their own benefit.

20.      To the contrary, since Southside was the owner of a 100% participation in the Loan, the FDIC was obliged to remit the full amount of the CEI deposit to Southside.

**PLAINTIFF'S FIRST AMENDED COMPLAINT** – Page 3

21.     CEI later refinanced the loan, but did so in an amount that reflects the credit permitted by the offset.  As such, Southside incurred a loss of $349,150.49.

22.     On July 14, 2008, Southside sent the FDIC, in its capacity as receiver for ANB, a "Proof of Claim" in the amount of $348,005.61.  A copy of the Proof of Claim is attached as Exhibit B.

23.     On October 30, 2008, the FDIC, instead of providing Southside with the $348,005.61 to which it was entitled, provided Southside with a so-called "receivership certificate" for $349,150.49 that, in all likelihood, will be worthless.  A copy of the FDIC correspondence to Southside is attached as Exhibit C.

## V.   COUNT I - CONVERSION

24.     Southside hereby incorporates by reference all proceeding paragraphs of this Complaint as though fully set forth herein.

25.     Neither the FDIC nor ANB had any legal right to offset the CEI deposit against the outstanding balance of the Loan or to exercise any right of control or ownership of the CEI deposition.

26.     By offsetting the CEI deposit against the balance of the Loan, the FDIC has converted property belonging to Southside.

27.     The FDIC is liable to Southside for damages proximately caused by the FDIC's conversion, including, without limitation, the full amount of the CEI deposit and Southside's costs of proceeding herein, including reasonable attorneys' fees.

## VI.   COUNT II - BREACH OF CONTRACT

28.     Southside hereby incorporates by reference all proceeding paragraphs of this Complaint as though fully set forth herein.

29.     The FDIC stepped into the shoes of ANB with respect to the Participation Agreement.

30.     Pursuant to the Participation Agreement, the FDIC, as "Lender," is obliged to remit to Southside its share of "interest, principle and other sums received by the Lender on account of or with respect to the Loan …" (Participation Agreement, ¶7).

31.     The FDIC permitted an offset of CEI's deposit against the outstanding Loan balance, without remitting such payment to Southside.

32.     As a successor to the Participation Agreement, the FDIC has breached its obligations thereunder.

33.     As a result of this breach, the FDIC should be ordered to specifically perform the Participation Agreement and remit the deposit payment to Southside.

34.     As a result of this breach, Southside is entitled to compensatory damages.

## VII.     COUNT III - 12 C.F.R. §360.6 VIOLATION

35.     Southside hereby incorporates by reference all proceeding paragraphs of this Complaint as though fully set forth herein.

36.     12 C.F.R. §360.6 prohibits the FDIC from disaffirming or repudiating contracts through 12 U.S.C. §1821(e)(1) in order to reclaim, recover, or recharacterize as its own property any financial assets transferred in connection with a securitization.

37.     The FDIC granted Southside a receivership certificate for its claim against ANB.

38.     The granting of this receivership amounts to recharacterization of the Participation Agreement into a loan from Southside to ANB.

**PLAINTIFF'S FIRST AMENDED COMPLAINT** – Page 5

39.     Alternatively,   the   granting   of   this   receivership   amounts   to recharacterization of the Participation Agreement into some form of credit obligation of ANB to Southside.

40.     Such recharacterizations are contrary to the provisions of 12 C.F.R. §360.6 and an unlawful exercise of the FDIC's repudiation power.

41.     As a result of the FDIC's unlawful repudiation of the Participation Agreement, Southside is entitled to actual direct compensatory damages.

## VIII.   COUNT IV – CONSTRUCTIVE TRUST

42.     Southside hereby incorporates by reference all proceeding paragraphs of this Complaint as though fully set forth herein.

43.     Pursuant to the Participation Agreement, Southside held the entire economic interest to the Loan.

44.     The FDIC permitted an offset of CEI's deposit against the outstanding balance of the Loan.

45.     Southside is entitled to an Order that the FDIC holds the funds previously held in CEI's deposit in a constructive trust to and for the benefit of Southside and requiring that such funds be paid to Southside forthwith.

## IX.   DAMAGES

46.     Southside hereby incorporates by reference all proceeding paragraphs of this Complaint as though fully set forth herein.

47.     As a result of Defendant's actions, Plaintiff has suffered monetary loss in the amount of $349,150.49.

**PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 6**

48.     In addition to the damages outlined above, Plaintiff is also entitled to pre- and post-judgment interest, costs of litigation, and reasonable attorneys' fees.

## X.  DEMAND FOR JURY TRIAL

49.     Plaintiff demands a trial by jury on all issues presented herein.

## XI.  CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that:

a.      process issue and the FDIC be served in the manner required by law;

b.      judgment be entered in favor of Southside and against the FDIC for damages proximately caused by its conversion of the CEI deposit;

c.      judgment be entered in favor of Southside and against the FDIC for damages proximately caused by its breach of contract;

d.      judgment be entered in favor of Southside and against the FDIC for damages proximately caused by its violation of 12 C.F.R. §360.6;

e.      the Court order that the FDIC holds the funds previously contained in CEI's deposit in a constructive trust to and for the benefit of Southside and require it to deliver such funds to Southside immediately;

f.      the Court order the FDIC to pay pre-judgment and post-judgment interest;

g.      Southside recover its costs of litigation, including reasonable attorneys' fees; and

h.      Southside have such other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,


_____/s/ Kristie A. Wright_____
James N. Haltom
Arkansas Bar No. 05011
Kristie Ann Wright
Arkansas Bar No. 05012
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana TX  75503
(903) 255-1000 (office)
(903) 255-0800 (facsimile)

**ATTORNEYS FOR PLAINTIFF
SOUTHSIDE BANK**